**WO**                                                                    SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Sanyo D. Lidy,                                )   No. CV 06-2531-PHX-MHM (LOA)
                                              )
      Plaintiff,                     )   **ORDER**
                                              )
vs.                                           )
                                              )
MCSO Staff Officer Galindo,                   )
                                              )
      Defendant.                     )
                                              )

On October 24, 2006, Plaintiff Sanyo D. Lidy, who was then confined in Towers Jail in Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 with an Application to Proceed *In Forma Pauperis*. (Doc.# 1.)[1] On December 6, 2006, the Court granted Plaintiff's Application, but dismissed the Complaint with leave to amend within 30 days. On December 28, 2006, Plaintiff filed a "Motion to Request Extension Awaiting Appointment of Legal Counsel," which reflects that Plaintiff has been released from confinement.[2] (Doc.# 5.) The Court will give Plaintiff 30 days to pay the filing fee or to show good cause why he is unable to pay the filing fee. The Court will also grant Plaintiff a 30-day extension from the filing date of this Order in which to file an amended complaint.

**I.**      **Payment of Filing Fee**

When bringing an action, a prisoner must either pay the $350.00 filing fee in a lump

---

[1] "Doc.#" refers to the docket number of filings in this case.

[2] Furthermore, an October 18, 2006 minute entry in Plaintiff's state court criminal case indicates that Plaintiff was sentenced to probation. See CR2006-153880-00 DT, www.courtminutes.maricopa.gov/docs/Criminal/102006/m2422204.pdf.

**JDDL-K**

sum or, if granted the privilege of proceeding *in forma pauperis*, pay the fee incrementally as set forth in 28 U.S.C. § 1915(b)(1). A prisoner who has been released must pay any unpaid balance of the filing fee within 120 days of his release unless he shows good cause why he cannot. In any event, a former inmate must, within 30 days of his release, either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal.

Because Plaintiff was an inmate when he commenced this action, he is liable for the filing fee. Further, because Plaintiff has been released and he has not paid the $350.00 filing fee, he must notify the Court within 30 days from the filing date of this Order whether he intends to pay the filing fee or show good cause in writing why he cannot. Plaintiff may show cause by submitting an affidavit, signed under penalty of perjury, demonstrating why he is presently unable to pay the balance of the filing fee. See 28 U.S.C. § 1746 (the oath requirement may be satisfied when a person declares under penalty of perjury that the submission is true and correct, and signs and dates the statement). An application to proceed *in forma pauperis* is attached, which may assist Plaintiff in the preparation of such an affidavit. Failure to comply with this Order may result in the dismissal of this action.

**II. Motion for Extension**

Plaintiff filed a motion for an extension "while awaiting appointment of legal counsel if request approved." (Doc.# 5.) Plaintiff has not filed a separate request for the appointment of counsel. To the extent that Plaintiff seeks the appointment of counsel in the instant motion, he fails to demonstrate that he is so entitled. Counsel is only appointed in a § 1983 action in "exceptional circumstances." Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004), cert. denied sub nom. Gerber v. Agyeman, 125 S. Ct. 2941 (2005); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331; see Agyeman , 390 F.3d at 1103; Terrell, 935 F.2d at 1017. The

legal issues involved in this case do not appear to present exceptional circumstances, Plaintiff has not set forth any reason to appoint counsel, and the Court has explained the applicable requirements for Plaintiff to amend his Complaint. Accordingly, to the extent that Plaintiff seeks appointment of counsel in the instant motion, the motion will be denied. The Court will, however, grant an extension to the extent that Plaintiff will be given 30 days from the filing date of this Order in which to file an amended complaint.

### III.   Warnings

#### A.   Address Changes

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable. See LRCiv 83.3(d). Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal.

#### B.   Copies

Plaintiff must submit an additional copy of every document that he files for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

#### C.   Possible Dismissal

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Motion to Request Extension Awaiting Appointment of Legal Counsel is **granted in part** and **denied in part**. (Doc.# 5.) The motion is **granted** to the extent that the deadline to file an amended complaint is extended until no later than 30 days from the filing date of this Order. The motion is otherwise **denied**. (Doc.# 5.)

(2) Within 30 days from the filing date of this Order, Plaintiff must either pay the $350.00 filing fee **or** show good cause why he is unable to pay the filing fee.

(3) If Plaintiff fails, within 30 days from the filing date of this Order, either to pay the

$350.00 filing fee or to show good cause why he is unable to pay the filing fee, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice.

(4)   The Clerk of Court must mail Plaintiff a court-approved form for filing an Application to Proceed *In Forma Pauperis* (Non-Habeas) as a guideline in the event that Plaintiff seeks to show good cause why he is unable to pay the filing fee.

DATED this 24th day of January, 2007.

_____
Mary H. Murgula
United States District Judge

**Instructions for Prisoners Applying for Leave to Proceed *in Forma Pauperis*
Pursuant to 28 U.S.C. § 1915 in a Civil Action (Non-habeas) in Federal Court**

You must pay the full filing fee of $350.00 for a civil action. If you later file an appeal, you will be obligated to pay the $455.00 filing fee for the appeal.

If you have enough money to pay the full filing fee, you should send a cashier's check or money order payable to the Clerk of the Court with your complaint, petition, or notice of appeal.

If you do not have enough money to pay the full filing fee, you can file the action without prepaying the filing fee. However, the court will assess an initial partial filing fee. The initial partial filing fee will be the greater of 20% of the average monthly deposits or 20% of the average monthly balance in your prison or jail account for the six months immediately preceding the filing of the lawsuit. The court will order the agency that has custody of you to withdraw the initial partial filing fee from your prison or jail account as soon as funds are available and to forward the money to the court.

After the initial partial filing fee has been paid, you will owe the balance of the filing fee. Until the filing fee is paid in full, each month you will owe 20% of your preceding month's income. The agency that holds you in custody will collect that money and forward it to the court any time the amount in your account exceeds $10.00. The balance of the filing fee may be collected even if the action is later dismissed, summary judgment is granted against you, or you fail to prevail at trial.

To file an action without prepaying the filing fee, and to proceed with an action *in forma pauperis*, you must complete the attached form and return it to the court with your complaint. You must have a prison or jail official complete the certificate on the bottom of the form and attach a certified copy of your prison or jail account statement for the last six months. If you were incarcerated in a different institution during any part of the past six months, you must attach a certificate and a certified copy of your account statement from each institution at which you were confined. If you submit an incomplete form or do not submit a prison or jail account statement with the form, your request to proceed *in forma pauperis* will be denied.

Even if some or all of the filing fee has been paid, the court is required to dismiss your action if: (1) your allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) your complaint does not state a claim upon which relief can be granted; or (4) your complaint makes a claim against a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from filing any other action *in forma pauperis* unless you are in imminent danger of serious physical injury.

Revised 4/9/06

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| _____, | ) | |
| Plaintiff, | ) CASE NO. _____ | |
| | ) | |
| vs. | ) | APPLICATION TO PROCEED |
| | ) | *IN FORMA PAUPERIS* |
| _____, | ) | BY A PRISONER |
| Defendant(s). | ) | CIVIL (NON-HABEAS) |
| | ) | |

I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1. Have you ever before brought an action or appeal in a federal court while you were incarcerated or detained? ☐Yes ☐No  If "Yes," how many have you filed? _____.
Were any of the actions or appeals dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted? ☐Yes ☐No  If "Yes," how many of them? _____.

2. Are you currently employed at the institution where you are confined? ☐Yes ☐No
If "Yes," state the amount of your pay and where you work. _____
_____

3. Do you receive any other payments from the institution where you are confined? ☐Yes ☐No
If "Yes," state the source and amount of the payments. _____
_____

Revised 4/9/06

1

4.  Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined?  ☐Yes     ☐No
    If "Yes," state the sources and amounts of the income, savings, or assets. _____
    _____
    _____

    I declare under penalty of perjury that the above information is true and correct.

    _____                          _____
    DATE                                            SIGNATURE OF APPLICANT

    ---

    ### CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

    I, _____, hereby consent to having the designated correctional officials at this institution release to the Court my trust account information.  I further consent to having the designated correctional officials at this institution withdraw from my trust account the funds required to comply with the order of this Court for the payment of filing fees in accordance with 28 U.S.C. § 1915(b).
    My consent includes withdrawal from my account by correctional officials of partial initial payments to this Court equal to 20% of the greater of:
    (A)  the average monthly deposits to my account for the six-month period preceding my filing of this action, or
    (B)  the average monthly balance in my account for the six-month period preceding my filing of this action.
    My consent also includes monthly withdrawals from my account by correctional officials of an amount equal to 20% of each month's income.  Whenever the amount in my account reaches $10.00, correctional officials will withdraw that amount and forward it to the Court until the required filing fee is paid in full.  I understand that I am liable for paying the entire fee, even if my case is dismissed by the Court before the fee is fully paid.

    _____                          _____
    DATE                                            SIGNATURE OF APPLICANT

    ---

    ### CERTIFICATE OF CORRECTIONAL OFFICIAL
    ### AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

    I, _____, certify that as of the date applicant signed this application:
       (Printed name of official)
    The applicant's trust account balance at this institution is:                    $_____
    The applicant's average monthly deposits during the prior six months is:         $_____
    The applicant's average monthly balance during the prior six months is:          $_____
    The attached certified account statement accurately reflects the status of the applicant's account.

    _____
    DATE          AUTHORIZED SIGNATURE         TITLE/ID NUMBER           INSTITUTION

Revised 4/9/06                                    2